UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>              Plaintiff,<br>   v.<br><br>JOHN DOE, et al.,<br><br>             Defendants. | CASE NO. C21-0388JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO AMEND |

Before the court are the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson (R&R (Dkt. # 11)), Plaintiff Joseph Littlefield's objections thereto (Obj. (Dkt. # 13)), and Mr. Littlefield's motion to amend his complaint (MTA (Dkt. # 14)). Having reviewed these documents, the relevant portions of the record, and the applicable law, the court ADOPTS the Report and Recommendation (Dkt. # 11), DENIES Mr. Littlefield's motion to amend (Dkt. # 14), and DISMISSES this action without prejudice.

//

ORDER - 1

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which a party makes a specific written objection. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

Mr. Littlefield is currently in the custody of the Washington Department of Corrections and seeks to bring a civil rights action under 42 U.S.C. § 1983. (*See* Compl. (Dkt. # 4) at 2.) Magistrate Judge Peterson previously identified deficiencies in Mr. Littlefield's complaint and allowed him an opportunity to amend his complaint. (*See* 4/2/21 Order (Dkt. # 6).) Specifically, Magistrate Judge Peterson found that Mr. Littlefield's § 1983 claims based on the loss or destruction of inmate property were deficient because there is an adequate state post-deprivation remedy. (*Id.* at 4.) The court also found that Mr. Littlefield's claims based on the Defendants's alleged failure to respond to his grievances were deficient because prisoners have no standalone due process rights related to the administrative grievance process. (*Id.* at 5 (collecting cases).) Additionally, Magistrate Judge Peterson found that Mr. Littlefield had not sufficiently identified the Doe Defendants. (*Id.*)

1    Mr. Littlefield then submitted an amended complaint.  (FAC (Dkt. # 9).)  In his
2    amended complaint, Mr. Littlefield identified some, but not all, Doe Defendants by name,
3    but he did not address the legal deficiencies in his claims identified by Magistrate Judge
4    Peterson.  (*See* R&R at 4-6.)  Accordingly, Magistrate Judge Peterson recommends that
5    this court dismiss Mr. Littlefield's complaint without leave to amend.  (*Id*. at 6-7.)  In
6    response, Mr. Littlefield filed one objection.  (Obj.)  He also submitted a motion to
7    amend his complaint, along with a proposed second amended complaint.  (MTA; Prop.
8    SAC (Dkt. # 14-2).)

9    Mr. Littlefield objects only to the recommended dismissal of his complaint
10   without leave to amend and argues that leave to amend should be freely given.  (Obj.)
11   But Magistrate Judge Peterson addressed the matter of amendment and concluded that it
12   was not proper to allow amendment after Mr. Littlefield failed to cure the deficiencies
13   identified in his first complaint.  (R&R at 6-7.)  The court has thoroughly examined the
14   record and finds Magistrate Judge Peterson's reasoning persuasive in light of the record.
15   (*See id.*)  Accordingly, the court independently rejects Mr. Littlefield's arguments
16   regarding leave to amend for the reasons that Magistrate Judge Peterson did.

17   The court's conclusion is underscored by Mr. Littlefield's proposed second
18   amended complaint, which he filed after Magistrate Judge Peterson recommended
19   dismissal.  (*See* Dkt.; SAC.)  Mr. Littlefield's proposed second amended complaint
20   includes allegations that are virtually identical to those in his first amended complaint,
21   but rather than focus his claim on violations of the Due Process Clause, he focuses on the
22   Eighth Amendment.  (*Compare* FAC, *with* SAC.)  The court first notes that Magistrate

1 | Judge Peterson already advised Mr. Littlefield that his initial complaint, also based on the
2 | Eighth Amendment, was deficient.  (*See* 4/2/21 Order at 1 (discussing Eighth
3 | Amendment as partial basis for Mr. Littlefield's claims and finding complaint deficient).)
4 | Regardless, whether his § 1983 claims are rooted in an alleged violation of the Due
5 | Process Clause or the Eighth Amendment, they are still deficient.  Where a state
6 | employee's random, unauthorized act deprives an individual of property, either
7 | negligently or intentionally, the individual is relegated to his state post-deprivation
8 | process, so long as state law provides an adequate post-deprivation remedy.  *Hudson v.*
9 | *Palmer*, 468 U.S. 517, 534 (1984); *Grant v. Haro*, No. C 20-6562 WHA (PR), 2020 WL
10 | 6873425, at *2 (N.D. Cal. Nov. 20, 2020).  As noted by Magistrate Judge Peterson,
11 | Washington provides such a remedy.  (*See* R&R at 5 (citing RCW 72.02.045; RCW
12 | 4.92.090-100; and collecting cases).)  Similarly, his grievance claims remain deficient
13 | because alleged improper processing of an inmate's grievance or appeal, without more,
14 | cannot serve as the basis of a § 1983 claim.  *See Salmen v. California Dep't of Corr. &*
15 | *Rehab.*, No. 3:20-CV-2088-GPC-KSC, 2020 WL 6395690, at *5 (S.D. Cal. Nov. 2, 2020)
16 | (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)).

17 |      Mr. Littlefield's proposed second amended complaint suffers from the same
18 | deficiencies as his first two complaints.  Accordingly, the court ADOPTS the Report and
19 | //
20 | //
21 | //
22 | //

Recommendation (Dkt. # 11) in its entirety, DENIES Mr. Littlefield's motion to amend (Dkt. # 14), and DISMISSES this action without prejudice and without leave to amend.

Dated this 17th day of June, 2021.

JAMES L. ROBART
United States District Judge